On April 27, 1979 the court entered the following order:
Before Friedman, Chief Judge, Davis and Kashiwa, Judges.
This case to recover oil spill removal costs is before the court on defendant’s motion to dismiss and plaintiffs opposition thereto. After considering the motion and briefs filed, but without oral argument, the court concludes that plaintiffs petition fails to state a claim upon which relief may be granted.
On or about December 9,1976, plaintiffs vessel, the M/V Irinio, was discharging oil to a pierside facility at Yorktown, Virginia, when a large oil spill was discovered near *651 the vessel. Although the source of the spill was then unknown, the ship’s master ordered removal of the oil. The Industrial Marine Service performed the cleanup on or about December 10, 1976, at a cost to plaintiff of $3,787. Plaintiff alleges that while the exact source of the oil spill remains unknown, its vessel discharged no oil into the York River. Plaintiff sues to recover its removal costs under the Federal Water Pollution Control Act, 33 U.S.C. §§1251 et seq. (1976).
The recovery of oil removal costs from the federal government is governed by 33 U.S.C. § 1321(i)(l) (1976), which provides that when an owner or operator of a vessel, which discharges oil in violation of 33 U.S.C. § 1321(b)(2) (1976), acts to remove that oil in accordance with relevant regulations, the owner or operator is entitled to recoup those reasonable costs incurred upon establishing that the discharge was caused solely by either an act of God, an act of war, United States’ negligence, or an act or omission of a third party. We have held on several occasions that this section mandates a plaintiff seeking to recover cleanup costs to allege, as a threshold jurisdictional requirement, that it is the owner or operator of the vessel which discharged the oil at issue. Yankee Metal Products v. United States, 209 Ct. Cl. 770, 538 F. 2d 347 (1976); Celestial Navigation Corp. v. United States, 209 Ct. Cl. 721 (1976); Gulf Refining Co. v. United States, 207 Ct. Cl. 971 (1975). Plaintiff has made no such allegation and in fact maintains that the removed oil was not discharged from its vessel but from some other unknown vessel or onshore facility. While we sympathize with plaintiff for having taken rapid action to clean up the spill, Shell Oil Co. v. United States, 209 Ct. Cl. 699 (1976), we are constrained by the statutory language to rule that plaintiff has not stated a claim for which relief may be granted.
it is therefore ordered that defendant’s motion to dismiss be and hereby is granted and the petition is dismissed.